NO.
12-03-00401-CV

 

                     IN THE COURT OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

THE STATE
OF TEXAS                                 '                 APPEAL
FROM THE 

 

 

FOR THE
BEST INTEREST                          '                 COUNTY
COURT AT LAW

 

 

AND
PROTECTION OF L.C.                         '                 CHEROKEE
COUNTY, TEXAS

                                                                                                                                                  
         

                                                      MEMORANDUM
OPINION

Appellant
L.C. appeals from an order of commitment for temporary inpatient mental health

services.  After a hearing without a jury, the trial
court ordered L.C. committed to Rusk State Hospital for a period not to exceed
ninety days.  In four issues, L.C.
asserts that her constitutional rights to due process and equal protection have
been violated.  We affirm.

 

Background 








On
October 30, 2003, an application for court-ordered temporary mental health
services was filed requesting the court commit L.C. to Rusk State Hospital for
a period not to exceed ninety days.  The
application was supported by a certificate of medical examination for mental
illness, prepared by a physician, Dr. C. Cuellar, who had examined L.C. on
October 29.  Dr. Cuellar diagnosed L.C.
as suffering from a psychotic disorder, NOS and bipolar disorder, NOS.  Dr. Cuellar indicated that L.C. is mentally
ill and likely to cause serious harm to herself.  He based this opinion on L.C.=s admission of that day that she had
present thoughts of suicide.  Also, on
October 28, she experienced auditory hallucinations and had a verbal fight with
her mother.  He also determined that L.C.
presents a substantial risk of serious harm to herself or others if not
immediately restrained, which is demonstrated by her behavior and by evidence
of severe emotional distress and deterioration in her mental condition to the
extent that she cannot remain at liberty. 
He based this opinion on the same facts. 


On
November 4, 2003, L.C. was examined by Dr. Charles Plyler who then also
prepared a certificate of medical examination for mental illness.  Dr. Plyler diagnosed L.C. as suffering from
bipolar I disorder, depressed type, and indicated she has a borderline
personality.  He found that L.C. is
mentally ill and is likely to cause serious harm to herself and others.  The basis of his opinion was L.C.=s actions of October 28, at which time
she attacked her mother, talked to unseen entities in her room, blacked out
windows and spray painted the inside of her mother=s
home.  Dr. Plyler also determined that
L.C. presents a substantial risk of serious harm to herself or others if not
immediately restrained, an opinion he based on L.C.=s
behavior and on evidence of severe emotional distress and deterioration in L.C.=s mental condition to the extent she
cannot remain at liberty.  Dr. Plyler
based this opinion on the same behavior described above.

The
State called no witnesses to testify at the hearing.  It rested after entering the above documents
into evidence.  The defense presented no
evidence.  The trial court found that
L.C. is mentally ill and is likely to cause serious harm to herself or
others.   The trial court entered an
order reflecting these findings and ordering L.C. committed to Rusk State
Hospital for inpatient care for a period not to exceed ninety days.

 

Constitutional Claims

In
her first and second issues, L.C. contends the trial court erred in rendering
judgment in violation of state and federal guarantees of due process.  She asserts that certain terms found in
section 574.034 of the Health and Safety Code are overly broad, vague, and
ambiguous so the statute is susceptible to a variety of interpretations, making
it violative of the due process clause of each constitution.  In her third and fourth issues, she asserts
that application of section 574.034 results in a violation of her right to
equal protection under both the state and federal constitutions.








L.C.
did not complain to the trial court that her state and federal constitutional
rights to due process and equal protection were being violated.  A constitutional claim must have been
asserted in the trial court to be raised on appeal.  Dreyer v. Greene, 871 S.W.2d
697, 698 (Tex. 1993).  Therefore, L.C.
has not preserved these complaints for review. 
We overrule L.C.=s
issues one, two, three, and four.

 

Conclusion

L.C.=s constitutional complaints have not
been preserved and therefore present no error.

We
affirm the trial court=s
order of commitment for temporary inpatient mental health services.

 

 

  
 SAM GRIFFITH   

   Justice

 

 

Opinion
delivered April 30, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

                                                                     (PUBLISH)